## John Ball v. Callahan & Son et al.

95    615
s197s   318

1. PREFERENCES—*By Creditors of Insolvent Debtors.*—A creditor who obtains from an insolvent debtor a conveyance of property in payment of or as security for his debt, may know that his debtor is acting with the design of delaying and defrauding other creditors, but he will not lose his preference by reason of such knowledge, if he takes the conveyance in good faith and without any view of aiding in the consummation of the purpose, further than necessarily results from the securing of a preference to himself.

2. FRAUDULENT CONVEYANCES—*Both Grantor and Grantee Must Participate in the Fraud.*—In order to impeach a conveyance of land

for fraud both the grantor and the grantee must be shown to have intended to commit the fraud as against the creditors of the grantor.

3. SUBROGATION—*Where the Right Exists in Favor of Junior Mortgagees.*—A junior mortgagee will have the right of subrogation for all prior mortgages paid off by him for the purpose of protecting his lien, and when made a defendant in chancery proceedings he should ask for the enforcement of such right in his answer.

**Creditor's Bill.**—Appeal from the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded with directions. Opinion filed June 20, 1901.

LANE & COOPER, attorneys for appellant.

MILLER & MILLER, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

At the April term, 1899, of the Circuit Court of Montgomery County, judgment creditors of William H. Whitlow filed a creditor's bill for the purpose of setting aside as fraudulent a deed of conveyance to certain lands, executed by Whitlow and wife to appellant, John Ball, on the 26th of January, 1897. The chief charge in the bill is that the conveyance was made upon a pretended consideration of $33,600, whereas it was made without any consideration whatever and for the purpose of defrauding Whitlow's creditors.

Ball answered the bill admitting the execution of the deed to him, but denying that it was without consideration and averring that it was for a valuable consideration, to wit, to secure a large indebtedness owing by Whitlow and a further sum of $800 to be advanced by Ball to Whitlow.

Subsequently, at the April term, 1900, Daniel Pope, William Adams, Henry Weber, Joseph Gowling, John Munsterman, Thomas Edwards and J. J. Carey filed an intervening petition, setting up that they were judgment creditors of Whitlow, who were unable to obtain satisfaction of their respective judgments on account of Whitlow's insolvency and that the conveyance from Whitlow to Ball

was without consideration and was fraudulent. The petition contained a prayer for the cancellation of the deed, etc.

To the petition Ball answered admitting the execution of the deed to him, but denying that it was without consideration and averring that it was executed to secure certain indebtedness of Whitlow to him. He also averred that the conveyance was made subject to four mortgages before then executed by Whitlow on the land, aggregating more than $20,000.

Default was entered against Whitlow and on the filing of replications to the answers of Ball, the cause was referred to the master in chancery for proofs.

On the coming in of the master's report a trial was had on the pleadings and depositions taken. The court rendered a decree for the complainants and intervenors, finding that judgments had been recovered by them as set up in the bill and petition, and were unsatisfied because of Whitlow's insolvency, and that the conveyance from Whitlow and wife to Ball was fraudulent and void. The decree set aside the conveyance and provided that Callahan & Son should have a prior lien on the land for satisfaction for their judgment over the judgments of the intervenors and that the intervenors should have the second lien upon the land for satisfaction of their judgments. From that decree Ball prosecutes this appeal.

The evidence in this record is quite voluminous and the conflict between witnesses sharp. It would render this opinion too lengthy to discuss in detail all the testimony bearing upon the frictional points involved. We shall content ourselves with stating the following as our conclusion of facts, arrived at after a somewhat laborious sifting of the conflicting statements of witnesses:

In January, 1897, William W. Whitlow owned 560 acres of valuable land in Montgomery county, Illinois, which he and his wife, by warranty deed, conveyed to John Ball. The consideration expressed was $33,600, and there was a clause following a description of the land stating that part of the consideration was two mortgages before then executed by the grantors, on which there was due to H. W.

Wall and Alfred Browning $10,384 and two mortgages to
Rebecca Culp for $11,000. Whitlow at the time owed
$1,850 to Ball, Zimmerman & Co., a banking firm of which
Ball was a member, and was otherwise in debt. It was
agreed orally that the conveyance to Ball was to secure the
$1,850 owing to Ball, Zimmerman & Co. and $800 to be
advanced to Whitlow by Ball, and in accordance with that
agreement, a bond to reconvey was executed by Ball to
Whitlow. At the same time it was agreed that Whitlow
should execute to Ball his note for $9,000, payable in five
years, and there should be delivered to him a certificate of
deposit of the bank for $9,000, charged with the payment
of the note. The note and certificate of deposit were
delivered accordingly. While Whitlow disclaims any real
intention of defrauding his creditors, his purpose in mak-
ing the conveyance was to prevent them from levying
upon the land and thereby making a sacrifice of it by forced
sale. So far as he is concerned, the purpose was a fraud-
ulent one and, if shared in by Ball, the decree is right. Ball
denies in his testimony that he had any such purpose and
states that his sole purpose was to secure the indebtedness
which Whitlow owed to the bank. His son Clarence was
cashier in the bank, and both testify to their anxiety and
efforts to get the indebtedness secured, and that the taking
of the deed had no other object than to secure the indebt-
edness. We are of the opinion that the truth is with them
on that point. The court below, therefore, should have
treated the deed as a mortgage and should have declared
the first lien in Ball for the use of the bank, for its indebt-
edness, and for himself for such further money as may
have been advanced by him.

The fraudulent purpose of Whitlow could not affect the
rights of Ball if not shared in by him. Although he may
have known of Whitlow's purpose, if he took the convey-
ance in good faith and without any view of aiding in the
consummation of the purpose further than would neces-
sarily result from the securing of preference to himself, he
did not lose his lien right. Gray v. St. John, 35 Ill. 222;
Oakford & Fahnestock v. Dunlap, 63 Ill. App. 498.

C. & A. R. R. Co. v. Scranton.

We see no force in the contention of estoppel urged against the intervenors and do not care to dwell upon the alleged error of the court in failing to except from the decree the homestead of Whitlow. Ball has no interest in the homestead of Whitlow and no one having an interest in it has assigned error on that point. As the cause will be remanded, we suggest, however, that it would be well for the court below to protect the homestead right of Whitlow by appropriate order.

Appellant claims the right of subrogation to the preferences of all mortgages paid off by him. The deed to him was a mortgage in effect, as we hold, and he would have a right of subrogation for all prior mortgages paid off by him to protect his own lien. He has not in either answer filed by him, however, asked for an enforcement of such right. We think he should do that. We think the answer should contain the same averments as to such claims, as well as payment of taxes, etc., as is required in a bill to foreclose a mortgage where the complainant seeks an allowance of such claims in his money decree.

For the error of the court in not treating the deed in question as a mortgage and declaring a prior lien in favor of appellant to the extent of the indebtedness for which the deed was given as security, the decree will be reversed. The cause will be remanded with directions to allow amendments to the pleadings, if desired, and to state an account between Whitlow and Ball and render such decree as will be consistent with the views herein expressed. Reversed and remanded.